DENNIS, Justice,
dissenting.
Although I agree with the majority opinion in other respects, I do not believe that this Court should slavishly follow a federal standard in deciding the degree of judicial scrutiny required by our constitution of possible racial discrimination in jury selections. It is evident that Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), in reality denies all relief to a black defendant who has been deprived of an impartial jury through the State’s use of its peremptory challenges to exclude members of his race from the jury. Yet a majority of this Court clings to the Swain test which has never been met by a defendant in a reported decision, and which exalts the prosecution’s statutory right to peremptory challenge over the defendant’s constitutional right to a fair and impartial jury. For the reasons more fully stated in my concurring opinion in State v. Kelly, 362 So.2d 1071, 1079 (La.1978), I think that Article I, § 3 of the 1974 Louisiana Constitution, by absolutely prohibiting racial discrimination by governmental officials, requires judicial inquiry into the reasons for the State’s peremptory challenges whenever it is clear that the prosecutor has exercised them against a disproportionate number of prospective jurors of a particular race. See also, People v. Wheeler, 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978). Accordingly, since it appears there were a disproportionate number of state peremptory challenges against prospective black jurors in this case, I would remand for a hearing on the question of whether the challenges were based to any extent on race, reserving to both sides the right to seek relief in this Court from the district court’s ruling.
I respectfully dissent.